13-778-cr
*United States v. Spencer*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand fourteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

            *Appellee,*

            v.                                                No. 13-778-cr

PATRICK K. SPENCER, AKA STAN BAPTISTE,
AKA BORN BAPTISTE,

            *Defendant-Appellant.*

_____

**FOR APPELLEE:**                      SAMUEL P. NITZE, Assistant United States Attorney (Jo Ann M. Navickas, Celia A. Cohen, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**                    EDWARD D. WILFORD, New York, NY.


Appeal from a March 1, 2013 judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.


Defendant Patrick K. Spencer ("Spencer") appeals a judgment of conviction, after trial by jury in the District Court, on: (1) one count of possession with intent to distribute five grams or more of a substance containing cocaine base and heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii) and 841(b)(1)(C); (2) one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) one count of possession of a firearm by a previously-convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). On January 7, 2013, the District Court sentenced Spencer principally to 300 months' imprisonment.

The incident giving rise to the conviction occurred on June 11, 2009, when Spencer was arrested by officers of the New York City Police Department, after they stopped him and his friend for allegedly riding bicycles the wrong way down a one-way street and riding on the sidewalk. According to the testimony of Vincent Tiernan, the arresting officer, Spencer was holding a five-pound dumbbell, and Tiernan asked Spencer to put it down on the ground. As Spencer did so, an object in Spencer's coat pocket fell forward, which he tried to quickly stop with his hand. Fearing the quick movement, Tiernan placed his own hand over Spencer's hand, telling Spencer not to make any sudden movements, and Tiernan then reached into the jacket and ran his other hand along the object that was now beneath both Spencer's and Tiernan's hands. Tiernan immediately felt that the object was a handgun. Tiernan testified that, after securing the weapon, he thoroughly searched Spencer for other weapons and found cocaine, marijuana, and heroin.

Spencer moved to suppress the evidence against him, on the ground that it had been obtained in violation of his Fourth Amendment rights. The government contended that the discovery of the handgun was proper following a frisk supported by reasonable cause, pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). On March 8, 2010, the District Court conducted a suppression hearing regarding the admissibility of that evidence, at which Tiernan and another officer testified, as did a friend of Spencer who was with him at the time of his arrest. On May 14, 2010, the District Court denied the motion to suppress, basing its decision on the credibility of Tiernan's testimony, which was substantially corroborated by the other officer's testimony. We assume the parties' familiarity with the remaining factual and procedural history of this case.

On appeal, Spencer argues that the evidence found on his person was a direct result of an unlawful search, and the District Court therefore erred in admitting it. Additionally, he brings two

challenges to his sentence: (1) by only providing "certificates of disposition" as proof of his prior convictions, the government failed to adequately establish that he had been convicted of three prior violent felonies or serious drug offenses, such that he could be sentenced as an armed career criminal; and (2) classification as an armed career criminal cannot be found by a judge; rather, it requires a jury finding that the three prior convictions were "valid."

We review the denial of a motion to suppress *de novo*, but we review a district court's factual findings for clear error, construing the evidence in the light most favorable to the government. *See United States v. Casado*, 303 F.3d 440, 443 (2d Cir. 2002). Mixed questions of law and fact, such as whether there was reasonable suspicion for a *Terry* stop, are also reviewed *de novo. See United States v. Lucky*, 569 F.3d 101, 105-06 (2d Cir. 2009). Furthermore, we give heightened deference to a district court's determinations regarding witness credibility, and are generally "not entitled to overturn those assessments." *United States v. Maldonado-Rivera*, 922 F.2d 934, 972 (2d Cir. 1990).

We conclude, based upon an independent review of the record and relevant case law, that the District Court properly denied the motion to suppress. According to the officers' accounts, which were found to be credible by the District Judge, they stopped Spencer and his friend because the two were riding their bicycles on the sidewalk, and were riding the wrong way down a one-way street. We have previously held that if an officer observes a violation of New York City Administrative Code § 19-176, which prohibits the riding of bicycles on sidewalks, that provides sufficient grounds for an *arrest, see United States v. McFadden*, 238 F.3d 198, 203-04 (2d Cir. 2001); it thus certainly justifies a mere *Terry* stop.

Once Spencer was properly stopped, Officer Tiernan noted that Spencer was holding a five-pound dumbbell in the middle of the night, and when Spencer went to set it down, Tiernan observed him make a sudden movement with his hand towards an object in his coat pocket. In these circumstances, it was entirely proper and lawful for Tiernan to frisk Spencer to ascertain whether the object was a weapon and to ensure that he did not risk being harmed. *See, e.g., Terry*, 392 U.S. at 30 ("[W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous . . . he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him."); *United States v. Hamilton*, 978 F.2d 783, 785-86 (2d Cir. 1992) (finding that police appropriately patted down defendant and asked him to empty his pockets after seeing an "unusual bulge" in his pocket). The District Court thus did not err in allowing the government to present evidence that was seized as a result of this search.

We have also considered Spencer's arguments with regard to sentencing, and find them to be without merit.

## CONCLUSION

We have considered all of Spencer's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the March 1, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk